Messrs. *Henry Chapman*, of Greenfield, *Frederic Robinson*, of Marblehead, *John C. Park*, of Boston, *Elijah Seymour*, of Granville, *Samuel Tobey*, of New Bedford, *Jonathan P. Curtis*, of Sturbridge, *Austin Smith*, of Hatfield.

CASE OF EMORY BURPEE, MEMBER FROM STERLING.

Removal of a member from the commonwealth, to another state, disqualifies him from further holding a seat as such.

THE committee on elections, to whom was referred the memorial of Jacob Conant and others, inhabitants of the town of Sterling, petitioning against the right of Emory Burpee, to hold his seat as a member of this house from that town, hav-

ing heard the parties and had the subject under consideration, submitted the following report : —

" The grounds assumed by the petitioners, as sufficient to vacate his seat, are two-fold : 1st, That the said Burpee, on or about the 18th of February last [since the session], removed from the commonwealth of Massachusetts, into the state of Vermont, with an intention of becoming a citizen of the last named state ; 2d, That the said Burpee is not possessed of sufficient estate to qualify him for a seat in the house.

The questions presented by the petitioners, in their memorial, are simple questions of fact ; the law being so clear, that residence and a certain amount of property, are essential qualifications for a seat in this house, that no one will be found, probably, who is disposed to contest these propositions.

The proof adduced by the petitioners consisted of evidence from inhabitants of Sterling, and the neighboring towns, and from members of this house. They swore to the repeated declarations of Mr. Burpee, that he had removed to the town of Ludlow, in the state of Vermont, and that he should not return to Massachusetts, with any intention of residing here. They also swore, that he had sold all his property in this state, except a small piece of land ; that he had transported all his goods and chattels, with some trifling exceptions, to Ludlow ; that his house was occupied by another family ; and that he had removed his own to the state of Vermont ; that the selectmen had stricken his name from the list of voters ; and, so far as general report was evidence, all the inhabitants, who spoke of him, mentioned him as a person who had removed to Ludlow.

One of the selectmen of Sterling also swore, that he heard Mr. Burpee asked this question : ' When do you gain a residence in Ludlow,' and to that question he replied, that 'he did not know how much time was required, but he commenced his residence from the time he went.' The member of the committee on leave of absence, to whom he applied for license to depart, also stated, that Mr. Burpee told him, that he should not return ; that he should remove his family from this state,

and that he informed the electors of Sterling, before the choice of representatives, that he could not serve them, in the capacity of representative, longer than six weeks.

The evidence on the second point was insufficient to establish that allegation of the petitioners; therefore, your committee were required to consider but one single point. First premising that Mr. Burpee, when called upon to make his defence, said that he had no counter evidence to offer, further than his own declaration, that he thought the witnesses misunderstood him, and were mistaken. In answer to all his cross-examining questions, however, each and all of the witnesses—many of whom the committee know to be men of high standing and elevated character—persisted in the truth and correctness of their evidence.

Is this evidence, then, sufficient to show, that Mr. Burpee has removed from this commonwealth, with an intention of permanently residing in Vermont? On this question, the committee were unanimous, all deciding in the affirmative, and no one expressing the slightest doubt. Having settled the question of removal from this state to that of Vermont, they have only to apply the law to the fact proved, to show that the seat of Emory Burpee, returned a member from the town of Sterling, is thereby vacated, and that he no longer possesses the rights of a member of this house.

In regard to the concluding prayer of the memorialists, that a writ should issue for a second election, your committee are clearly of opinion, that this is one of the cases, in which it has been repeatedly decided, that the town is not entitled to a precept for a new election.

In conclusion, your committee recommend, that the seat of said Emory Burpee be declared vacant, and that the house decline issuing a new writ of election as prayed for by your petitioners. All which is respectfully submitted by the committee."

This report was agreed to by the house,[1] and pay allowed Mr. Burpee to the time of its acceptance.

[1] 60 J. H. 366, 370.